UNITED STATES DISTRICT COURT DISTRICT OF NEW JERSEY

| | |
|---|---|
| **TAMARIE CUSTODIO**<br><br>PLAINTIFF,<br><br>vs.<br><br>**CARDINAL FINANCIAL COMPANY, LP**<br><br>DEFENDANTS, | DOCKET NO.<br><br>CIVIL ACTION COMPLAINT |

Plaintiff sues Defendants and by way of a Complaint states:

1. **Parties and Jurisdiction**
   A. Plaintiff Tamarie Custodio is of majority age residing at 30 Westward Drive, Bridgeton, NJ 08302.
   B. Defendants Cardinal Financial Company LP( including its agents servants workmen and employees) is and was, at all material times hereto, a foreign corporation whose corporate domicile and alleged authority to do business in the State of New Jersey is unknown, but with its principal office at 1501 Woodfield Road, Foreclosure Dept, Schaumburg, IL 60173-4982.
   C. At all times relevant and material hereto the Defendants were the owner and/or servicers of the Note/Mortgage referenced herein, or, alternatively were the successors in interest as owners or servicers of the note, charged with and/or inheriting the responsibility and liability of all prior acts of servicing, managing, maintaining, processing loss mitigation applications and doing all acts necessary to handle the Note/Mortgage in accordance with applicable State and Federal regulations, acting at all times did act on its own individual behalf and as agents, servants, workmen and/or employees of the owner of the Note/Mortgage.
   D. Jurisdiction is based on 28 U.S. Code § 1331 as the issue in controversy arising under the Constitution, laws, or treaties of the United States, specifically: 15 U.S.C 1692-

1692p, the Fair Debt Collection Practices Act, 12 USC Section 2601 et seq. including Regulation Z, which is found at 24 C.F.R. § 3500, as well as: 12 CFR Part 1024 et seq. including Regulation X, and 12 USC Section 2605, 15 U.S.C.A. § 1601 et. Seq., and 18 U.S. Code § 1343, and the Fair Debt Collection Practices Act (FDCPA)(15 U.S.C. 1692 et seq.)

E. The amount in controversy is in excess of $75000.00.

2. **Background Material Facts**

   A. At all times relevant and material hereto the Note/Mortgage of the Plaintiff, presently identified as Loan Number 1474541768, associated with her residence, was alleged to be in a default status.
   B. The Plaintiff retained the services of the Keaveney Legal Group as counsel, to assist in all aspects of the resolution of the alleged default.
   C. At all times relevant and material hereto the delinquency/default alleged arose due to the mishandling and servicing of the Plaintiff's account by the Defendants, individually and/or jointly.
   D. Specifically, the Defendants engaged in the following conduct and did allow the following to occur without prompt resolution, correction, adjustment and/or reconciliation:
      i. The Plaintiff was and continues to be property tax exempt, qualifying for the same as a disabled war veteran. Notification of this exempt status was promptly and successfully delivered to the Defendants in a timely fashion.
      ii. Despite this notification the Defendants continued to assess a real estate tax charge as part of the monthly billing resulting in an over-billing to the Plaintiff to an extent which caused severe financial hardship and stress.
      iii. At all times relevant and material hereto the local tax office did note that they were receiving payments from the Defendants and were refunding the same – however the Defendants never adjusted the billing of the account accordingly.

iv. Said ongoing but improper tax charges continued until at least January of 2022 and did result in the monthly billing to increase beyond affordability by at several hundreds of dollars.

v. This excessive billing and improper handling/servicing of the account did significantly cause or contribute to severe financial hardship resulting in the Plaintiff's inability to make payment on her loan and causing said loan to fall into default.

vi. Plaintiff made numerous attempts to contact the Defendants to seek a resolution and to inquire assistance and early intervention with the alleged delinquency, but she was consistently denied and threatened with the loss of her home. Attempts at making mortgage payments were returned as the payments "were not the full amounts" due.

vii. Loss mitigation was available but not offered.

viii. Plaintiff contracted COVID-19 in September of 2022, advised the Defendants of the same. Yet, COVID relief was not offered.

ix. Plaintiff applied for State assistance but was denied the same as the Defendants refused cooperation in the production of statements and other documents needed for evaluation

x. The Defendants declared the Plaintiff in Default as of August 01, 2022 and on January 25, 2023 filed a Foreclosure action against the Plaintiff in the Superior Court of New Jersey, Cumberland County, docket SWC-F-000956-23

xi. At all times relevant and material hereto the Defendants knew or should and could have known of the improper assessing of real estate tax charges.

xii. At all times relevant and material hereto the Defendants failed to maintain continuity of contact through a single point of contact as required under Regulation X, Subpart C, 12 C.F.R. Sec 1024.40.

xiii. At all times relevant and material hereto the Defendants failed to engage in early intervention as required under Regulation X, Subpart C, 12 C.F.R. Sec 1024.39.

    xiv.    At all times relevant and material hereto the Defendants failed in their duty to promptly credit payments, specifically but not by way of limitation as to the aforesaid $6500, all as required under 15 U.S.C. Sec 1639f, Regulation Z, 12 C.F.R. Sec 1026.36(c)(1).

E. At all times relevant and material hereto the notices provided by the Plaintiff concerning his tax exempt status and the improper inclusion of tax charges into his monthly bill went unaddressed by the Defendants in violation of 12 U.S.S. Sec 2605(e), Regulation X, Subpart C, 12 C.F.R. Sec 1024.35 and 1024.36.

F. Defendants have repetitively yet deceptively advised the Plaintiff that they would be "looking into this matter and will get back to your shortly", but then steadfastly refused to address this dispute and/or perform the required Escrow Analysis to reconcile these errors, all in violation of 12 CFR Part 1024.17(c) Regulation X.

G. Additionally by improperly billing for sums not owed by the Plaintiff, the Defendants engaged in the unfair and deceptive practice of improperly attempting to collect a debt not owed, in violation of the Fair Debt Collection Practices Act (FDCPA)(15 U.S.C. 1692 et seq.

H. The conduct of the Defendants as hereinbefore set forth demonstrates a "pattern or practice" of non- compliance with the Real Estate Settlement and Procedures Act (RESPA) Regulation X for which liability may be imposed for actual and statutory damages, including counsel fees and costs, 12U.S.C. S 2605(f)(l).

I. At all times relevant and material hereto the Defendants are subject to the within cited provisions of Regulation X of RESPA as 12 CFR Sec 1024.2(b) defines Servicer as a person responsible for the servicing of a federally related mortgage loan (including the person who makes or holds such loan if such person also services the loan).

J. The Plaintiff as a borrower may enforce violations of these provisions through a private cause of action pursuant to 12 U.S.C. S 2605(t). See 12 C.F.R. S 1024.41 (a).

K. As a direct result of the conduct of the Defendants as herein before and herein after set forth, the Plaintiff has suffered severe damages, including but not limited to:

    a. Physical and/or emotional harm and other damages due to resultant anxiety, stress, fear and embarrassment related to the possible loss of her property;

    b. Economic losses associated with the preclusion of her ability to cure any alleged delinquency and/or default by way of proper loss mitigation thereby exposing the Plaintiff to additional interest, late fees, damage to credit, counsel fees and costs;

    c. Other losses as may be revealed during discovery or the trial of this case.

## COUNT ONE

### Common Law Negligence and/or Reckless Indifference

1. Plaintiff hereby incorporates by reference all preceding paragraphs as if set forth at length herein.

2. Defendants, through their agents, servants and employees, negligently, carelessly, recklessly and/or intentionally fail to manage, service and/or maintain the Plaintiff's account and /or otherwise engaged in unconscionable commercial practices, deception, fraud, false pretense, false promise and/or misrepresentations with regard to the servicing of the subject loan, specifically but not by way of limitation:

    i. Failing to acknowledge and realize that the Plaintiff was always approved for a real estate tax exemption especially as this information was immediately provided to the Defendants, along with proofs from the appropriate authorities confirming the tax-exempt status.

    ii. Despite this notification the Defendants continued to assess a real estate tax charge as part of the monthly billing result in an over-billing to the extent that the Plaintiff could not afford the payments.

    iii. The Plaintiff's attempts at payment were rejected.

    iv. The Defendants declared the Plaintiff in Default as of August 01, 2022 and on January 25, 2023 filed a Foreclosure action against the Plaintiff in the Superior Court of New Jersey, Cumberland County, docket SWC-F-000956-23

    v. At all times relevant and material hereto the Defendants knew or should and could have known of the improper assessing of real estate tax charges.

    vi. At all times relevant and material hereto the Defendants failed to maintain continuity of contact through a single point of contact as required under Regulation X, Subpart C, 12 C.F.R. Sec 1024.40.

    vii. At all times relevant and material hereto the Defendants failed to engage in early intervention as required under Regulation X, Subpart C, 12 C.F.R. Sec 1024.39.

    viii. Without cause or justification the Defendants and in violation of the pertinent regulations as listed in the Real Estate Settlement and Procedures Act (RESPA) the Defendant engaged in a pattern of ignoring and refusing all communications attempting to resolve this issue, offering no justification for its actions, all in violation of 12 CFR Parts 1024.40 and 1024.41 Regulation X.

    ix. Defendants have repetitively refused to address this dispute and/or perform the required Escrow Analysis to justify their figures, all in violation of 12 CFR Part 1024.17(c) Regulation X.

    x. Defendant engaged in a "pattern or practice" of non- compliance with the Real Estate Settlement and Procedures Act (RESPA) Regulation X.

3. Alternatively, and or additionally, Defendants negligently, carelessly, recklessly and/or intentionally engaged in acts of omission, including but not limited to failing to communicate, knowingly disregarding, concealing, and suppressing material account information specifically that it was choosing to ignore Plaintiff's billing inquiries

4. As a further direct result of the conduct of the Defendant as herein before and herein after set forth, the Plaintiff has suffered severe damages, including but not limited to:

    a. Physical and/or emotional harm and other damages due to resultant anxiety, stress, fear and embarrassment related to the possible loss of his property;

    b. Economic losses associated with the preclusion of her ability to cure any alleged delinquency and/or default by way of proper loss mitigation thereby exposing the Plaintiff to additional interest, late fees, damage to credit, counsel fees and costs;

    c. Other losses as may be revealed during discovery or the trial of this case.

**WHEREFORE,** the Plaintiff demands judgment against Defendant for damages, interests and costs of suit including:

    a. Punitive and/or treble damages;

    b. Damages as permitted by statute and common law;

    c. Counsel fees;

    d. All other relief this Court deems necessary and just.

## COUNT TWO

**Common Law Fraud and/or Violation of the New Jersey Consumer Fraud Act N.J.S.A. 56:8-1 et seq.**

5. Plaintiff hereby incorporates herein by reference all preceding paragraphs as if set forth at length.

6. At all times relevant and material hereto the Plaintiff was a consumer of the Defendants' goods and services and as such the conduct of the Defendant and the transaction was governed by the **New Jersey Consumer Fraud Act N.J.S.A. 56:8-1 et seq.**

7. At all times relevant and material hereto the Defendants did violate the **New Jersey Consumer Fraud Act N.J.S.A. 56:8-1 et seq.** by engaging in unconscionable commercial practices, deception, fraud, false pretense, false promise and/or misrepresentations with regard to the servicing of the subject loan, specifically but not by way of limitation:

    i. Failing to acknowledge and realize that the Plaintiff was always approved for a real estate tax exemption especially as this information was immediately provided to the Defendants, along with proofs from the appropriate authorities confirming the tax-exempt status.

    ii. Despite this notification the Defendants continued to assess a real estate tax charge as part of the monthly billing result in an over-billing to the extent that the Plaintiff could not afford the payments.

    iii. The Plaintiff's attempts at payment were rejected.

    iv. The Defendants declared the Plaintiff in Default as of August 01, 2022 and on January 25, 2023 filed a Foreclosure action against the Plaintiff in the

       Superior Court of New Jersey, Cumberland County, docket SWC-F-000956-23

v. At all times relevant and material hereto the Defendants knew or should and could have known of the improper assessing of real estate tax charges.

vi. At all times relevant and material hereto the Defendants failed to maintain continuity of contact through a single point of contact as required under Regulation X, Subpart C, 12 C.F.R. Sec 1024.40.

vii. At all times relevant and material hereto the Defendants failed to engage in early intervention as required under Regulation X, Subpart C, 12 C.F.R. Sec 1024.39.

viii. Without cause or justification the Defendants and in violation of the pertinent regulations as listed in the Real Estate Settlement and Procedures Act (RESPA) the Defendant engaged in a pattern of ignoring and refusing all communications attempting to resolve this issue, offering no justification for its actions, all in violation of 12 CFR Parts 1024.40 and 1024.41 Regulation X.

ix. Defendants have repetitively refused to address this dispute and/or perform the required Escrow Analysis to justify their figures, all in violation of 12 CFR Part 1024.17(c) Regulation X.

x. Defendant engaged in a "pattern or practice" of non- compliance with the Real Estate Settlement and Procedures Act (RESPA) Regulation X.

8. The actions of the Defendants were performed in direct contradiction to its promises to provide superior and legal loan servicing, but instead were performed for their own financial self-interests, in detriment to the rights and position of the Plaintiff.

9. As a direct and proximate result of the aforesaid, the Plaintiff was wrongfully accused of a delinquency and default and Defendants have wrongfully threatened to pursue foreclosure all of which has caused the Plaintiff severe financial, physical and emotional damage and loss.

10. The actions of the Defendants constitute a violation of the principles of common law fraud as enunciated by New Jersey Courts.

11. As a further direct result of the conduct of the Defendants as herein before and herein after set forth, the Plaintiff has suffered severe damages, including but not limited to:

    a. Physical and/or emotional harm and other damages due to resultant anxiety, stress, fear and embarrassment related to the possible loss of their property;
    b. Economic losses associated with the preclusion of their ability to cure any alleged delinquency and/or default by way of proper loss mitigation thereby exposing the Plaintiff to additional interest, late fees, damage to credit, counsel fees and costs;
    c. Other losses as may be revealed during discovery or the trial of this case.

**WHEREFORE,** the Plaintiff demands judgment against Defendant for damages, interests and costs of suit including:

   a. Punitive and/or treble damages;
   b. Damages as permitted by statute and common law;
   c. Counsel fees;
   d. All other relief this Court deems necessary and just.

## COUNT THREE

**Violations of the Truth-in-Lending Act,**

**Real Estate Settlement and Procedures Act and the Fair Debt Collection Practices Act**

12. Plaintiff hereby incorporates by reference all preceding paragraphs as if set forth at length herein.
13. In January 2013, the Consumer Financial Protection Bureau issued a number of final rules concerning mortgage markets in the United States, pursuant to the Dodd-Frank Wall Street Reform and Consumer Protection Act (DFA), Public Law No. 111-203, 124 Stat. 1376 (2010).
14. Specifically, on January 17, 2013, the CFPB issued the Real Estate Settlement Procedures Act (Regulation X) and the Truth in Lending Act (Regulation Z) Mortgage Servicing Final Rules, 78 FR 10901 (Regulation Z)(February 14, 2013) and 78 FR 10695 (Regulation X)(February 14, 2013). These Regulations became effective on January 10, 2014.

15. The residential mortgage loan in this case is a "federally related mortgage loan" as that term is defined by Regulation 1024.2 (b) of the said Regulations.
16. The Plaintiff alleges that the conduct of the Defendant indicates a "pattern or practice" of non- compliance with the Real Estate Settlement and Procedures Act (RESPA) Regulation X Specifically but not by way of limitation the Defendant's violations and failures consisted of:

    i. Failing to acknowledge and realize that the Plaintiff was always approved for a real estate tax exemption especially as this information was immediately provided to the Defendants, along with proofs from the appropriate authorities confirming the tax exempt status.
    ii. Despite this notification the Defendants continued to assess a real estate tax charge as part of the monthly billing result in an over-billing to the extent that the Plaintiff could not afford the payments.
    iii. The Plaintiff's attempts at payment were rejected.
    iv. The Defendants declared the Plaintiff in Default as of August 01, 2022 and on January 25, 2023 filed a Foreclosure action against the Plaintiff in the Superior Court of New Jersey, Cumberland County, docket SWC-F-000956-23
    v. At all times relevant and material hereto the Defendants knew or should and could have known of the improper assessing of real estate tax charges.
    vi. At all times relevant and material hereto the Defendants failed to maintain continuity of contact through a single point of contact as required under Regulation X, Subpart C, 12 C.F.R. Sec 1024.40.
    vii. At all times relevant and material hereto the Defendants failed to engage in early intervention as required under Regulation X, Subpart C, 12 C.F.R. Sec 1024.39.
    viii. Without cause or justification the Defendants and in violation of the pertinent regulations as listed in the Real Estate Settlement and Procedures Act (RESPA) the Defendant engaged in a pattern of ignoring and refusing all communications attempting to resolve this issue, offering no justification for its actions, all in violation of 12 CFR Parts 1024.40 and 1024.41 Regulation X.

      ix. Defendants have repetitively refused to address this dispute and/or perform the required Escrow Analysis to justify their figures, all in violation of 12 CFR Part 1024.17(c) Regulation X.

      x. Defendant engaged in a "pattern or practice" of non- compliance with the Real Estate Settlement and Procedures Act (RESPA) Regulation X.

17. At all times relevant and material hereto the notices provided by the Plaintiff concerning his tax exempt status and the improper inclusion of tax charges into his monthly bill went unaddressed by the Defendants in violation of 12 U.S.S. Sec 2605(e), Regulation X, Subpart C, 12 C.F.R. Sec 1024.35 and 1024.36.

18. Defendants have repetitively yet deceptively advised the Plaintiff that they would be "looking into this matter and will get back to your shortly", but then steadfastly refused to address this dispute and/or perform the required Escrow Analysis to reconcile these errors, all in violation of 12 CFR Part 1024.17(c) Regulation X.

19. Additionally by improperly billing for sums not owed by the Plaintiff, the Defendants engaged in the unfair and deceptive practice of improperly attempting to collect a debt not owed, in violation of the Fair Debt Collection Practices Act (FDCPA)(15 U.S.C. 1692 et seq.

20. The conduct of the Defendants as hereinbefore set forth demonstrates a "pattern or practice" of non- compliance with the Real Estate Settlement and Procedures Act (RESPA) Regulation X for which liability may be imposed for actual and statutory damages, including counsel fees and costs, 12U.S.C. S 2605(f)(l).

21. At all times relevant and material hereto the Defendants are subject to the within cited provisions of Regulation X of RESPA as 12 CFR Sec 1024.2(b) defines Servicer as a person responsible for the servicing of a federally related mortgage loan (including the person who makes or holds such loan if such person also services the loan).

22. The Plaintiff as a borrower may enforce violations of these provisions through a private cause of action pursuant to 12 U.S.C. S 2605(t). See 12 C.F.R. S 1024.41 (a).

23. As a direct and proximate result of the aforesaid, the Plaintiff was wrongfully accused of a delinquency and default and Defendants have wrongfully threatened to pursue foreclosure including a Sheriff Sale, all of which has caused the Plaintiff severe financial, physical and emotion damage and loss.

24. As a further direct result of the conduct of the Defendants as herein before and herein after set forth, the Plaintiff has suffered severe damages, including but not limited to:

    a. Physical and/or emotional harm and other damages due to resultant anxiety, stress, fear and embarrassment related to the possible loss of their property;

    b. Economic losses associated with the preclusion of their ability to cure any alleged delinquency and/or default by way of proper loss mitigation thereby exposing the Plaintiff to additional interest, late fees, damage to credit, counsel fees and costs;

    c. Other losses as may be revealed during discovery or the trial of this case.

**WHEREFORE,** the Plaintiff demands judgment against Defendants for damages, interests and costs of suit including:

    a. Punitive and/or treble damages;

    b. Damages as permitted by statute and common law;

    c. Counsel fees;

    d. All other relief this Court deems necessary and just.

_____

**KEAVENEY LEGAL GROUP, LLC**
Thomas Masciocchi, Esq.
New Jersey Bar ID No.: 027941988
1000 Maplewood Drive, Suite 202,
Maple Shade, New Jersey 08052
Tel. (800) 219-0931
*Attorneys for Plaintiff,* **TAMARIE CUSTODIO**